IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY V. ARROYO,<br><br>              Plaintiff,<br><br>v.<br><br>FOREVER YOUNG SOCIAL ADULT DAY CARE, INC., BRUCKNER FOREVER YOUNG SOCIAL ADULT CARE, INC., EASTCHESTER'S FOREVER YOUNG SOCIAL ADULT DAY CARE, INC., FELIX GERSHKOVITCH, and JOHN DOES 1-10<br><br>              Defendants. | Civil Action No.<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiffs Ashley V. Arroyo ("Arroyo" or "Plaintiff"), by and through her undersigned attorneys, Norris McLaughlin & Marcus, P.A., by way of Complaint against Defendants Forever Young Social Adult Day Care, Inc. ("Forever Young"), Bruckner Forever Young Social Adult Day Care, Inc. (Bruckner Forever Young), Eastchester's Forever Young Social Adult Day Care, Inc. ("Eastchester Forever Young" and collectively with Forever Young and Bruckner Forever Young known as the "Forever Young Entities"), Felix Gershkovitch ("Gershkovitch"), and John Does 1-10 ("John Does," and with Gershkovitch collectively "Management Defendants") state as follows:

## NATURE OF THE ACTION

1. Upon information and belief, the Management Defendants own and operate Forever Young, a social adult day care center for senior citizens, located in the Bronx, New York.

2. Plaintiff Arroyo worked as a dispatcher and in-take coordinator for Defendants and worked in excess of 60 hours per week at Forever Young; her weekly pay varied from between $500.00 in 2012 to $667.00 in 2015 regardless of the actual number of hours which she worked.

3. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("Fair Labor Standards Act" or "FLSA") to remedy violations of the minimum wage and overtime provisions of the FLSA.

4. Plaintiff also brings claims pursuant to New York Labor Law §§ 650 *et seq.* and 663, New York Labor Law § 190 *et seq.*, and 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.1; 142-2.2, 142-2.4, 142-2.7, 142-2.9 and/or any other different, further or additional supporting New York State Department of Labor Regulations, to recover unpaid minimum wages, unpaid overtime wages, liquidated damages and statutory penalties, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 38 U.S.C. §1367.

6. Plaintiff's state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391 because it is the District in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

9. Plaintiff Ashley Arroyo is a resident of Bronx County, New York, and was employed by the Defendants as a driver dispatcher and a client intake coordinator at the adult day care facilities operated by the Defendants in the Bronx.

10. Defendant Forever Young is a New York Domestic Business Corporation doing business in the State of New York, County of Bronx with a principal office located at 3305 3rd Ave, Bronx, New York, 10456.

11. Defendant Bruckner Forever Young is a New York Domestic Business Corporation doing business in the State of New York, County of Bronx with a principal office located at 80 Bruckner Boulevard, Bronx, New York, 10454.

12. Defendant Eastchester Forever Young is a New York Domestic Business Corporation doing business in the State of New York, County of Bronx with a principal office located at 2050 Eastchester Road, Bronx, New York, 10461.

13. Defendant Gershkovitch is, upon information and belief, a resident of Richmond County, New York, and was and is the president, owner, co-owner, primary shareholder, general manager and/or officer or executive of the Forever Young Entities, and is one of the individuals responsible for setting policies and overseeing the operations of Forever Young, including but not limited to its employment practices.

14. John Does 1-10 are additional general managers, officers, shareholders and/or directors of Defendants who supervised Plaintiff, and who were responsible for setting policies and

overseeing the operations of Forever Young, including but not limited to their employment practices.

## STATEMENT OF FACTUAL ALLEGATIONS

15. The Forever Young entities own and operate a series of adult social day care facilities providing service to a senior citizen clientele in the Bronx.

16. Defendant Forever Young owns and operates an adult social day care facility at 3305 3rd Ave, Bronx, New York, 10456.

17. Defendant Bruckner Forever Young owns and operates an adult social day care facility at 80 Bruckner Blvd., Bronx, New York, 10454.

18. Defendant Eastchester Forever Young owns and operates an adult social day care facility at 2050 Eastchester Road, Bronx, New York, 10461

19. Defendant Gershkovitch owns controls and/or operates the Forever Young Entities.

20. Upon information and belief the Forever Young Entities are part of a single integrated enterprise.

21. Upon information and belief, the Forever Young Entities' operations are interrelated and unified.

22. Upon information and belief, during all relevant times, the Forever Young Entities shared a common management and were centrally controlled and/or owned by Defendant Gershkovitch and the John Doe Defendants.

23. Upon information and belief, during all relevant times, Defendant Gershkovitch and the John Doe Defendants have had control over, and the power to change compensation policy and practices at the Forever Young Entities.

24. During all relevant times, Defendants have jointly employed Plaintiff Arroyo as a driver dispatcher and client intake coordinator.

25. Each Defendant has had substantial control over Plaintiff's wages, and over the unlawful policies and practices alleged herein.

**26. During all times relevant to this litigation, the Forever Young Entities were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA.**

27. During all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

28. During all times relevant to this litigation, Defendants engaged in a policy and practice of requiring their employees to regularly work in excess of forty hours per week, without providing overtime compensation as required by the applicable federal and state law.

**29. Defendant Gershkovitch and the John Doe Defendants exercised control over the terms and conditions of the employment of the Plaintiffs. Defendant Gershkovitch and the John Doe Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff. Each also had the power and authority to supervise and control supervisors of the Plaintiffs.**

**30. The Forever Young Entities instituted the practice of depriving Plaintiff of overtime compensation under the direction of Defendant Gershkovitch and the John Doe Defendants.**

**31. Defendants knowingly and willfully maintained a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff.**

32. Plaintiffs were each an "employee" as that term is defined under 29 U.S.C. § 203(e) and New York Labor Law § 651.

33. At all relevant times, the work performed by Plaintiff was directly essential in the business operated by Defendants.

34. The payments made to Plaintiff constitute "wages" as that term is defined under New York Labor Law § 651.

35. Upon information and belief, at all times relevant, the Forever Young Entities had annual gross volumes of sales made and/or business done of not less than $500,000.00.

36. Plaintiff possessed no discretion whatsoever with respect to the hours, the schedule, which of the Forever Young Entities' locations at which they were to work on a particular day, and all other conditions of Plaintiff's employment with Defendants.

37. Plaintiff was not exempt from the minimum wage and overtime provisions of the FLSA or the New York Labor Law.

38. While working for Defendants, Plaintiff was regularly required to perform work for Defendants without receiving proper minimum wages, and overtime compensation as required by applicable Federal and State law.

39. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

40. Beginning in or about August 2012, Arroyo was employed by Defendants as a driver dispatcher and intake coordinator at each of the Forever Young Entities adult social day care facilities. Her duties consisted of dispatching drivers employed by the Defendants to transport the Forever Young Entities' senior citizen clients to and from the Forever Young Entities' adult social day care facilities, and providing intake assistance for the Forever Young Entities' senior citizen clients once they arrived at the adult day facilities. Arroyo's employment with

Defendants ended in or about February 24, 2015 when she quit as a result of persistent verbal abuse and the failure of Defendants to pay her a proper wage for the hours that she worked.

41. Plaintiff Arroyo was required to work in excess of 40 hours per week. For her entire employment, Plaintiff worked from Monday through Friday and was required to work between 12 and 13 hours per day. Plaintiff Arroyo was also frequently required to work on Sundays and would work an additional 3 hours on those Sundays. Depending on the week, Plaintiff Arroyo worked between 60 and 68 hours per week for the Defendants.

42. Despite working well over 40 hours per week during the entire period of her employment with Defendants, Plaintiff Arroyo was paid a predetermined weekly salary that did not reflect the hours she dedicated to her duties. Specifically, she received: 1) in the first year of her employment she was paid $1,000.00 biweekly regardless of the hours she had to work; 2) in the second year of her employment she was paid $1,320.00 biweekly regardless of the hours she had to work; in the third year of her employment she was paid $1,327.00 biweekly regardless of the hours she had to work; and in her final year she was paid $1,334.00 biweekly regardless of the hours she had to work.

43. Plaintiff never received premium overtime pay, either at a straight time rate or at an overtime rate. Throughout the relevant period of Plaintiffs' employment, it was Defendants' policy to deprive her of her earned and statutory overtime wages, although Arroyo was instructed and expected to work five-six days per week and over 60 hours per workweek. Defendants also failed to pay Plaintiff's Spread of Hours Compensation for each day she worked a spread of hours over 10 hours per day.

44. Plaintiff was paid on a biweekly basis by check from the Defendants.

45. Plaintiff did not receive payment for all of the hours she worked, and did not receive overtime compensation at a rate not less than one and one-half times the regular rate at which she was employed as defined by the FLSA and NYLL.

46. As part of regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL with respect to the Plaintiff.

47. Defendants also did not keep accurate records of wages or hours worked by Plaintiff and issued payroll checks to Plaintiff which did not reflect some or all of the hours worked by her.

48. Defendants willfully disregarded and purposefully failed to furnish the requisite payroll and tax records to Plaintiff in violation of the relevant New York Labor Law and/or Federal laws and likewise failed to provide to Plaintiff or post any of the required written notifications of Plaintiff's rights under New York State and Federal law such that Plaintiff was unaware of her rights during the period of her employment.

49. Additionally, upon information and belief, during Plaintiff's employment at Defendant's facility, Plaintiff was assaulted and suffered serious physical injuries as a result of the attack.

50. Within the confines of Defendants' premises, and under the control of Defendants, Plaintiff was the victim of a tortious assault and battery by invitees to Defendants' facility.

51. Defendant failed to provide for adequate security to prevent such attack upon their premises, and failed to implement proper security protocols to protect their employees.

52. Defendant negligently failed to adopt such security measures which were necessary and reasonable to protect and safeguard the life of Plaintiff.

53. Plaintiff has sustained serious physical and severe mental injuries, and thus Defendants are vicariously liable for the harm inflected by the negligently unsupervised employees since the

acts of the employees were committed in furtherance of the employer's business and within the scope of his or her employment and were otherwise negligence in their management, control, ownership and operation of the aforesaid premises.

54. The attack was caused solely and wholly by reason of carelessness, negligence, and recklessness of the Defendants, its agents and other employees who were negligent in the ownership, management, operation and control of the aforesaid premises.

55. Defendants knowingly exposed Plaintiff to personal danger from felonies or tortious designs of third persons which were not to be expected from the nature of Plaintiff's employment.

## FIRST CAUSE OF ACTION
## FLSA OVERTIME WAGE COMPENSATION

56. Plaintiff repeats and realleges Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

57. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58. Upon information and belief, Defendants violated the FLSA by failing to pay earned overtime wages at the rate of one and one-half times the regular rate of pay, for all time in which she worked in excess of 40 hours in any given week.

59. Upon information and belief, Defendants' failure to pay Plaintiff her rightfully-owed overtime compensation was willful.

60. By the forgoing, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid overtime wages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME WAGE COMPENSATION

61. Plaintiff repeats and realleges Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the N.Y.L.L. §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

63. Defendants failed to pay the Plaintiff in the manner directed by law.

64. Title 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of . . . the Fair Labor Standards Act"

65. Defendants, in violation of the N.Y.L.L. § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and half (1.5) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

66. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the N.Y.L.L.

67. Plaintiff regularly worked more than forty hours per workweek while working for Defendants, and was entitled to overtime compensation.

68. Plaintiff did not receive overtime compensation for all hours worked in excess of forty hours in any given week.

69. By failing to pay Plaintiff overtime compensation, Defendants violated New York Labor Law § 650 et. seq. and 12 NYCRR § 142-2.2.

70. Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiff was willful.

71. . By the foregoing, Defendants have violated New York Labor Law § 650 et. seq., New York Labor Law § 663 and 12 NYCRR § 142-2.2, and are liable to Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### NEW YORK SPREAD OF HOURS COMPENSATION

72. Plaintiff repeats and realleges Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

73. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."

74. Plaintiff frequently worked days in excess of 10 hours.

75. Defendants did not pay Plaintiff an additional hour's pay when they worked more than 10 hours in a day.

76. By failing to pay Plaintiff an additional hour's pay when they worked more than ten hours in a day, Defendants violated 12 NYCRR § 142-2.4.

77. Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiff was willful.

78. Based upon the foregoing, Defendants have violated New York Labor Law § 650 et. seq., New York Labor Law § 663 and 12 NYCRR § 142-2.4 and are liable to Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK PAYROLL NOTIFICATION VIOLATIONS

79. Plaintiffs repeat and reallege Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

80. New York Labor Law § 195(3) requires an employer to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York State law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked" (hereinafter the "195(3) Statement").

81. The New York State Department of Labor under 12 NYCRR 142-2.7 has issued a substantially similar order requiring employers to provide a substantially statement to their employees with the payment of their wages.

82. Defendants failed to furnish Plaintiff with a statement in compliance with the requirements of the 195(3) Statement or 12 NYCRR 142-2.7 with any of the payments of wages that they made to them.

83. Pursuant to New York Labor Law § 198(1-d) the failure of an employer to furnish a 195(3) Statement to an employee entitles the employee to "recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

84. Based upon the foregoing, Defendants' violations of New York Labor Law § 195(3) and 12 NYCRR 142-2.7 entitle Plaintiffs to damages from Defendants in an amount to be determined at trial but in in any event no less than $250.00 for each work day that Defendants failed to furnish the 195(3) Statements, not to exceed a total of $5,000.00, plus reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE**

85. Plaintiffs repeat and reallege Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

86. At all times herein mentioned, Defendants owed a duty to Plaintiff, to exercise reasonable and ordinary care to keep and maintain their premises and/or the premises under their control in a condition reasonably safe for the use of their employees. In particular, Defendants had a duty to take such precautions as were reasonable necessary to protect their employees, including Plaintiff from criminal attacks which were reasonably foreseeable.

87. Defendants had a duty to provide reasonable security measures and/or responsible security personal to control, patrol, and guard against the criminal activity which occurred within the immediate vicinity under their control.

88. Defendant had actual constructive notice or knowledge of a history where the third party attackers/invitees verbally and physically threatened Plaintiff.

89. Defendant knew or should have recognized that the likelihood of the criminal activity would endanger its employees and invitees lawfully present at the aforesaid premises.

90. Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff and no other individually similarly situated, had it within their own power to take measures necessary to provide for their own security on the aforesaid premises, and that the Defendants

themselves and/or their agents and/or other employees were in the best position to ascertain the risks, control the risks, warn of the risks and take reasonable and necessary measure to prevent and/or deter such criminal acts from occurring.

91. Based upon the foregoing, Plaintiff demands judgment against Defendants herein on the fifth cause of action entitling Plaintiff to damages from Defendant in an amount to be determined at trial, plus reasonable attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

a. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs;

c. Awarding Plaintiff damages for the amount of unpaid wages and overtime wages under the FLSA;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of Plaintiff's damages under the FLSA for the amount of unpaid overtime wages for the relevant period;

e. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the New York Labor Law as to Plaintiff;

f. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

g. Awarding Plaintiff damages for the amount of unpaid overtime wages, and Spread of Hours Compensation under the New York Labor Law and/or relevant Wage Orders as applicable;

h. Awarding Plaintiff double damages, liquidated damages in an amount equal to 100% of the total amount of minimum wage, overtime compensation, and Spread of Hours Compensations shown to be owed under the New York Labor Law as applicable;

i. Declaring that the Defendants have violated the wage statement requirements of New York Labor Law § 195(3) and 12 NYCRR 142-2.7;

j. Awarding Plaintiff the statutory damages due to her for Defendants' violation of New York Labor Law § 195(3);

k. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

l. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

m. Declaring that Defendants were negligent and violated their duty to take reasonable precautions as were reasonable necessary to protect their employees, including Plaintiff from criminal attacks which were reasonably foreseeable;

n. Ordering compensation for all general, special, consequential, and punitive damages suffered by Plaintiff as a result of Defendants' negligent conduct which led to Plaintiff's injuries; and

o. All such other and further relief as to the Court seems just and proper under the circumstances.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues that are triable as of right by jury.

Dated: May , 2017

Respectfully submitted,

_____
Stephen H. Penn, Esq. (SP6357)
NORRIS McLAUGHLIN & MARCUS, P.A
875 Third Avenue, 8th Floor
New York, New York 10022
Phone: 212-808-0700
*Attorneys for Plaintiff, Ashley V. Arroyo*

# FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against <u>Forever Young Social Adult Day Care, Inc., Bruckner Forever Young Social Adult Care, Inc., Eastchester's Forever Young Social Adult Day Care, Inc., Felix Gershkovitch and John Doe 1-10</u>, and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

By Signing and returning this consent form, I hereby designate Norris McLaughlin & Marcus, P.A. (the "Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: 1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or 2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Ashley V. Arroyo* (signed)
Ashley V. Arroyo

785 E 151 St #7 Bx, NY 10455
Address

5/10/17
Date

1406817_1